UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____

IN RE:
JUDITH MCMULLEN,                                        Chapter 13
            DEBTOR                                      Case No. 00-10151-WCH

_____

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

The matters before the Court are: 1) the Trustee's Response to Order to Show Cause filed by Carolyn A. Bankowski (the "Trustee"), the standing Chapter 13 Trustee; 2) the Renewed Request for Entry of Judgment on Second and Final Application of Schultz & Company for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Chapter 13 Debtor Judith McMullen (the "Debtor") (the "Renewed Request for Judgment") filed by Gordon N. Schultz d/b/a Schultz & Company (collectively, "Schultz"); 3) Schultz's Motion for Order Authorizing/Requiring the Chapter 13 Trustee to Pay Administrative Expenses (the "Motion to Pay") and 4) Schultz's Motion to Withdraw as Counsel for Debtor (the "Motion to Withdraw"). On May 27, 2009, I continued the three motions listed above generally and ordered Schultz and the Trustee to show cause why the Court should not appoint an accountant to investigate the Debtor's allegation that funds are missing from the estate. For the reasons set forth below, I will release the order to show cause with respect to both the Trustee and Schultz and grant the outstanding motions.

**II. BACKGROUND**

The findings of fact and conclusions of law set forth in my prior decisions are incorporated

by reference.[1] The facts pertinent to the issue before me can be summarized as follows.

After a lengthy and thorough review of the Second and Final Application of Schultz & Company for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Chapter 13 Debtor, Judith A. McMullen (the "Final Fee Application"), I approved it in part, making certain reductions not relevant here, and awarded interim fees in the amount of $98,974.25 and reimbursement of expenses in the amount of $10,125.02.[2] Together with the two prior interim awards, Schultz was allowed total interim compensation in the amount of $315,347.54, against which he is to apply a credit of $5,472.50 pursuant to a stipulation he and the Trustee filed on October 10, 2003. I granted the Motion to Pay, directing the Trustee to disburse the remaining funds in her possession to Schultz, but declined to enter a final order on Schultz's fees or grant the Motion to Withdraw until Schultz filed a supplemental disclosure of attorney compensation as required by Fed. R. Bankr. P. 2016(b) (the "Supplemental 2016(b) Statement").

Schultz subsequently filed the Supplemental 2016(b) Statement with the Renewed Request for Judgment, prompting the Debtor to file a series of objections. The Trustee also filed a response to the Renewed Request for Judgment, correctly asserting that she was entitled to a percentage fee on any disbursement to Schultz, which he disputed. I took all outstanding matters under advisement, and on May 27, 2009, issued *McMullen III* resolving all issues save one: the Debtor's allegation that approximately $16,000 was missing from the estate. On the same date, I ordered both the Trustee and Schultz to show cause in writing by June 10, 2009, why I should not appoint an accountant to

---

[1] *See In re McMullen*, No. 00-10151-WCH, 2009 WL 1490581 (Bankr. D. Mass. May 27, 2009) ("*McMullen III*"); *In re McMullen*, No. 00-10151-WCH, 2009 WL 530296 (Bankr. D. Mass. Feb. 18, 2009) ("*McMullen II*").

[2] *McMullen II* at *34. I also reduced the second interim fee award by $2,282.

2

investigate the Debtor's allegation. In light of the order to show cause, I concluded that granting the Motion to Pay was premature and therefore vacated my prior order in part,[3] and continued the Renewed Request for Judgment, the Motion to Pay, and the Motion to Withdraw generally.

On June 3, 2009, the Trustee filed a response to the order to show cause explaining that she received two payments totaling $134,256.01 from Debora Casey, the Chapter 7 trustee of the estate of Curtis Perry, on account of the settlement of the Debtor's proof of claim against Curtis Perry's estate (the "McMullen Claim Settlement"). While the McMullen Claim Settlement granted the Debtor an allowed nonpriority claim against Curtis Perry in the amount of $150,000 (the "Cash Allowed Claim"), the Chapter 7 trustee lacked sufficient funds to pay the Cash Allowed Claim in full. In support of her response, the Trustee attached an affidavit of Chapter 7 trustee, the Chapter 7 trustee's Cash Receipts and Disbursements Record, and the Trustee's Record of Receipts and Refunds through May 28, 2009.

Schultz has not yet filed a response to the order to show cause.

### III. DISCUSSION

Although the Debtor correctly noted that the Trustee did not receive the full amount of the Cash Allowed Claim, she failed to consider that it was merely an allowed unsecured nonpriority claim for $150,000 against Curtis Perry's estate and not an unqualified payment of $150,000 cash. Accordingly, the Debtor was only entitled to receive a pro rata distribution on account of her claim to the extent that Curtis Perry's estate had funds to disburse.[4] Here, the dividend to general

---

[3] The February 18, 2009 order remains valid in all other respects.

[4] *See* 11 U.S.C. § 726(b).

unsecured creditors was less than 100%, as attested to by the Chapter 7 trustee.[5]  Therefore, I find that the Cash Allowed Claim is fully accounted for and release the order to show cause with respect to both the Trustee and Schultz, as repeating the Trustee's explanation would serve no purpose.

In the absence of any further objection, I find that further review of fees and expenses awarded to Schultz in this case is unnecessary.  As such, I will grant the Motion to Pay subject to the Trustee's entitlement to a percentage fee under 28 U.S.C. § 586(e)(1)(B),[6] enter a final order with respect to Schultz's fees, and allow him to withdraw as the Debtor's counsel.  Consistent with my decision in *McMullen III*, however, the final judgment shall enter solely against the Debtor, rendering any security interest obtained by Schultz from the Debtor's parents ineffective to recover fees arising from this case.[7]

## V. CONCLUSION

In light of the foregoing, I will enter an order releasing the order to show cause and granting the Motion to Pay, the Renewed Request for Judgment, and the Motion to Withdraw.

_____
William Hillman
United States Bankruptcy Judge

Dated: June 8, 2009

---

[5] Docket No. 378 at Ex. A.

[6] *McMullen III* at *20.

[7] *Id.* at *16.